**JOHN F. FOSTER and CLAIRE C. FOSTER**, Plaintiffs

v.

**PLEASANT HAVEN, INC., LARRY F. EVANS, and WILLIAM F. HELM**, Defendants and Third-Party Plaintiffs

v.

**JOSEPH LA MALFA and ARNOLD FEINSTEIN,**
Third-Party Defendants

Civil No. 1095/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 4, 1982

ANDREW L. CAPDEVILLE, ESQ. (GRUNERT, STOUT, & SMOCK), St. Thomas, V.I., *for plaintiffs*

PETER A. MARTIN, ESQ., St. Thomas, V.I., *for defendants and third-party plaintiffs*

CHARLES S. WAGGONER, II, St. Thomas, V.I., *for third-party defendants*

HODGE, *Judge*

## MEMORANDUM

Two motions for summary judgment are before the court. The first filed by plaintiffs John and Claire Foster, request that judgment be entered in their favor against the defendants, Pleasant Haven, Inc., Larry F. Evans and William F. Helm, in the sum of $13,777.23, the amount allegedly recovered from the Fosters by the Bank of America pursuant to a guaranty instrument. The second requests that judgment be entered in the defendants' and third-party plaintiffs' favor as and for indemnification from third-party defendants, Joseph La Malfa and Arnold Feinstein, on the principle of collateral estoppel. Both motions for summary judgment will be denied.

Fed. R. Civ. P. 56(c) which governs the granting of a summary judgment states in pertinent part:

> . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The pleadings, admissions and affidavits on file show the following uncontroverted facts: On or about June 15, 1977, defendant, Pleasant Haven, Inc., entered into a loan agreement with the Bank of America for the loan of $23,752.20. Plaintiffs, John and Claire Foster, and defendants, Larry Evans and William Helm, acted as personal guarantors for this loan. Pursuant to an agreement dated October 6, 1978, Joseph La Malfa and Arnold Feinstein purchased all of the

131

assets of Pleasant Haven, Inc., and as part of the consideration of this purchase, agreed to assume the loan from the Bank of America and specifically agreed to make payments according to the terms of the loan. Under this agreement, La Malfa and Feinstein also agreed to assume a loan from Barclays Bank, Ltd., which loan was the subject of an earlier action.[1] The last payment on the Bank of America loan was made on July 6, 1979. On January 23, 1980, the Bank of America demanded payment from John and Claire Foster and from Larry Evans and William Helm in their capacity as personal guarantors of the loan. The letter of January 23, 1980, to the Fosters from the bank indicated that Pleasant Haven's outstanding balance was $13,855.45 plus late charges to date of $336.43. By a document captioned "Assignment" dated December 15, 1980, the Bank of America purported to assign all of its rights to Pleasant Haven's debt to John and Claire Foster.

There is no indication of when the bank recovered from the Fosters but it is not disputed that the Bank did collect some money from them. John and Claire Foster have brought this action to recover the amount collected by the bank. Defendants have in turn filed a third-party complaint against Joseph La Malfa and Arnold Feinstein for indemnification based on their October 6, 1978, agreement.

## DISCUSSION

The uncontroverted facts stated above give rise to many questions of fact and law which preclude the granting of summary judgment.

When La Malfa and Feinstein assumed the bank loan from Helm and Evans by the October 6, 1978, agreement, the loan balance was listed as $18,210.02, and on January 23, 1980, the loan balance was stated to be $13,855.45. Therefore, the indication is that some payments were made to and accepted by the bank subsequent to October 6, 1978. Moreover, Pleasant Haven was not deemed to be in default until July 1979. Many questions are therefore raised.

The first is whether Pleasant Haven, Inc., repudiated its obligation to repay the loan, by assigning the loan to La Malfa and Feinstein and whether the bank knowing of the repudiation, accepted payments on the loan from La Malfa and Feinstein, thereby giving rise to a novation whereby Pleasant Haven's obligation to

---

[1] Barclays Bank, Intl. Ltd. v. Pleasant Haven, Inc., La Malfa and Feinstein, 17 V.I. 303 (Terr. Ct. St. T. and St. J. 1981). In that action summary judgment was granted to Barclays Intl. against Pleasant Haven and to Pleasant Haven against La Malfa and Feinstein, which is the basis of defendants' collateral estoppel claim.

repay the loan was extinguished, with La Malfa and Feinstein assuming the obligation of repayment. See RESTATEMENT (SECOND) OF CONTRACTS § 329 (1979). If Pleasant Haven's obligation of repayment had been extinguished, then the Bank would have had no right to recover the loan balance from it or its guarantors, and the purported assignment of Pleasant Haven's loan balance by the Bank of America to the Fosters would be ineffective. Thus, the question of plaintiffs' cause of action against Pleasant Haven, Inc., is at issue.

The Fosters' cause of action against Helm and Evans as individuals is also at issue, since if the Fosters consented to the substitution of La Malfa and Feinstein as co-guarantors on the loan, Helm's and Evans' obligation as co-guarantors would also have been discharged. RESTATEMENT (SECOND) OF CONTRACTS § 318(3) (1979).

■ The question is also raised whether the Fosters are precluded from recovering from defendants or third-party defendants on the basis of unjust enrichment. Third-party defendants, in their opposition to plaintiffs' motion for summary judgment, have asserted that the asset for which the Bank of America loan was incurred is in the possession of plaintiffs, and that it would be inequitable to allow plaintiffs to both keep the asset and recover money borrowed for the asset's purchase. The rule governing contribution in this jurisdiction states that contribution as a remedy may be barred by the wrongful nature of the claimant's conduct. RESTATEMENT OF RESTITUTION § 81 (1937).[2] Hence, the question is whether the Fosters' conduct bars contribution either from Helm and Evans, or from La Malfa and Feinstein.

■ Assuming that the Fosters have a cause of action against Helm and Evans, a further question is raised as to the share of contribution to which they are entitled since the Fosters are co-guarantors with Helm and Evans. Ordinarily, co-guarantors share proportionately in the duty to be discharged, but this may be varied by the parties' contrary agreement. RESTATEMENT OF RESTITUTION § 81 (1937). Because the terms of the guaranty instrument are not known to the Court, no determination as to the proper rate of contribution can be made at this time.

---

[2] The RESTATEMENT OF RESTITUTION § 81 states in full:

"Unless otherwise agreed, a person who has discharged more than his proportionate share of a duty owed by himself and another as to which, between the two, neither had a prior duty of performance, is entitled to contribution from the other, except where the payor is barred by the wrongful nature of his conduct."

Moreover, since Helm's and Evans' liability cannot be determined upon the present record, their entitlement to indemnification from third-party defendants La Malfa and Feinstein also cannot be determined.

For these reasons, both motions for summary judgment will be denied.