**ELADIO TRAVIESO, Appellant,**
**v.**
**IRIS LOPEZ, Appellee.**

D.C. Civ. App. No. 1997-039

District Court of the Virgin Islands

Division of St. Thomas and St. John

November 4, 1998, Decided

THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; RAYMOND L. FINCH, District Judge, District Court of the Virgin Islands; and MARIA M. CABRET, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

JUDITH L. BOURNE, ESQ., St. Thomas, USVI, *Attorney for Appellant*; IRIS LOPEZ, St. Thomas, USVI, *Pro se, Appellee*

**MEMORANDUM**

## I. INTRODUCTION

Eladio Travieso ["appellant" or "Travieso"] appeals the Novem-

ber 12, 1996 order of the Territorial Court extending for an additional two years a 1994 restraining order issued against appellant. The order, issued under the domestic violence chapter of the Virgin Islands Code, prohibits appellant from having contact with Iris Lopez ["appellee" or "Lopez"]. Appellant also challenges the Territorial Court's order prohibiting appellant from possessing a firearm for the duration of the restraining order pursuant to 18 U.S.C. § 922(g). For the reasons set forth below, the Court will affirm the order of the Territorial Court.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review the judgment and orders of the Territorial Court in all civil cases. V.I. CODE ANN tit. 4, § 33. The Court's review of questions of law is plenary. *Nibbs v. Roberts*, 31 V.I. 196, 204 (D.V.I. App. Div. 1995).

## III. FACTS[1]

On December 9, 1994, following a hearing at which both Travieso and Lopez were present and in response to Lopez's domestic violence complaint, the Territorial Court entered a restraining order against appellant pursuant to 16 V.I.C. § 97(b). The order was to be "effective for a period of twenty-four months unless otherwise extended, renewed, or modified by Order of the Court for good cause shown." (Appellant's Br. at B2 (Order of Terr. Ct. Dec. 13, 1994) ["1994 Order"]).[2]

---

[1] The facts as presented are based solely on the representations made by the appellant and the record of the Territorial Court as the appellee chose not to file a complete brief. Appellee, in fact, supports appellant's arguments and has also requested that this Court vacate the November 12, 1996, order of the Territorial Court. (Appellee's Br. at 2.)

[2] The full text of the 1994 Order is as follows:

This matter came on for hearing on December 9, 1994. The Court heard testimony from both Iris Lopez and Eladio Travieso. The Court having made its findings of fact on the record and based upon the testimony and sworn complaint, it is hereby

**ORDERED** that the [appellant] is enjoined, restrained and prohibited from harassing, molesting, verbally or physically abusing, assaulting, or intimidating [appellee] or subjecting her to any form of domestic violence, including but not limited to assault and battery; and it is

**ORDERED** that the [appellee and appellant] shall seek professional counselling [sic] immediately at the Women's Resource Center and attend all counselling [sic] sessions as deemed necessary by said Center; and the [appellee and appellant] shall further

On July 26, 1996, Lopez sent a letter to the Territorial Court stating that the appellant had violated the 1994 Order by threatening to shoot her. Less than two months later on September 3, Lopez sent a second letter asking the court to disregard her previous letter and to dismiss the matter. Appellant, however, by letter received by the Territorial Court on September 26th, requested that the court proceed without delay and schedule a hearing on the matter. The matter came on for hearing on November 8, 1996, for Travieso to show cause why he should not be held in contempt for violating the 1994 Order.

The transcript of the November 1996 hearing reveals the following: In her July 26th letter, the appellee charged that the appellant had threatened to "discharge all the bullets in his gun against" her and alleged that appellant had verbally abused appellee. (Appellant's Br. at C3.) When questioned about her unwillingness to proceed with the new charges, appellee stated that she had misunderstood what appellant said. Instead of saying that he was going to shoot Lopez, Travieso actually said or implied that she "was causing [an unidentified] man to shoot [appellant]." (*Id.* at C4-C5.) The statement was made during an argument between the two during which Travieso broke a window. (*Id.*)

The court also questioned appellee about the terms of the 1994 Order and whether each party was complying with the Order. Lopez informed the court that, although she was attending counseling sessions as required, Travieso was not. Based on the

provide the Court every month, beginning January 16, 1995, with written documentation of attendance at the professional counselling [sic]; and it is

ORDERED that should the parties in any way violate this Order, all marshals and police officers are authorized to arrest them and bring them before the Court immediately, and if the Court is not in session, then they shall be remanded to the Bureau of Corrections to be there held until the next working day when the Court is in session; and it is

ORDERED that this order shall be effective for a period of twenty four (24) months unless otherwise extended, renewed, or modified by order of the Court for good cause shown; and it is

ORDERED that a violation of any part or provision of this Order shall constitute contempt of court; and it is further

ORDERED that copies of this Order be personally served on Iris Lopez and Eladio Travieso; and that copies be provided to the Chief of Police for the St. Thomas and St. John District; Ms. Alice Hamilton at the Women's Resource Center; and to the V.I. Department of Justice.

(Appellant's Br. at B1-B2.)

allegations raised in the appellee's June 26th letter, the court questioned Travieso and discovered that he owned one gun. (*Id.* at C6.) By order dated November 12, 1996, the Territorial Court, although dismissing without prejudice the contempt of court charge against Travieso, extended the 1994 restraining order an additional twenty-four months, until December 1, 1998 ["1996 Order"].[3] The 1996 Order also required the appellant to surrender his firearm to the Virgin Islands Police Department pursuant to the

---

[3] The full text of the 1996 Order is as follows:

This matter came on for a hearing on November 8, 1996, for the [appellant] to show cause why he should not be held in contempt of Court for violating the Court's Order of December 13, 1994. The [appellee and appellant] were present. The [appellant] appeared without counsel. On September 6, 1996, the Court received a letter from the [appellee] requesting that the Court dismiss this matter as she and the [appellant] have resolved their differences. Ironically, the Court received a letter form the [appellant] on September 24, 1996 in which he requested that the Court proceed with this matter and requested that the Court grant him an earlier hearing date. The Court heard testimony from the [appellee and appellant] through Territorial Court interpreter, Kim Aska. The [appellant] also acknowledged owning a firearm. Based on the testimony and evidence submitted, it is hereby

ORDERED that the contempt of Court charge against the [appellant] is DIS-MISSED, without prejudice; and it is

ORDERED that the terms of the Restraining Order dated December 13, 1994, are extended for an additional two years to expire on December 13, 1998; and it is

ORDERED that the [appellant] shall turn over his weapon to the Virgin Islands Police Department no later than 5:00 p.m. on November 8, 1996; and it is

ORDERED that the [appellant] shall seek professional counselling [sic] immediately at the Women's Resource Center and attend all counselling [sic] sessions as deemed necessary by said Center and pay all required fees for same; and the [appellant] shall further provide the Court quarterly, beginning January 15, 1997, with documentation of attendance at the professional counselling [sic]; and it is

ORDERED that should the [appellant] in any way violate this Order, all marshals and police officers are authorized to arrest the [appellant] and bring him before the Court immediately. If the Court is not in session, the [appellant] shall be remanded to the Bureau of Corrections and the appropriate bail set; and unless bail is posted, the [appellant] shall be there held until the next working day when the Court is in session; and it is

ORDERED that a violation of any part or provision of this Order shall constitute contempt of Court; and it is

ORDERED that this Order shall be effective for a period of twenty four (24) months unless otherwise extended, renewed, or modified by order of the Court for good cause shown; and it is

ORDERED that pursuant to 18 U.S.C. § 922(g), it shall be unlawful for the [appellant] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce; and it is

ORDERED that pursuant to 18 U.S.C. § 924(a)(2), the maximum imprisonment for a violation of 18 U.S.C. § 922(g) is ten (10) years; and it is further

terms of 18 U.S.C. § 922(g). Appellant filed this timely appeal of the 1996 Order.

## IV. DISCUSSION

### A. Showing of Good Cause Necessary to Warrant Extension and/or Modification of Original Domestic Violence Restraining Order

Any order issued pursuant to the domestic violence chapter of the Virgin Islands Code, 16 V.I.C. §§ 90-99b, shall be effective for a fixed period not to exceed twenty-four months. *Id.* § 97(d). The court may extend or modify the initial order only upon a demonstration of good cause. *Id.*

Appellant argues that the Territorial Court based its extension of the 1994 Order solely on the representations made at the original hearing in 1994 and not on any new evidence presented at the November 8, 1996 hearing. Travieso makes this claim because the court's dismissal of the contempt charge at the 1996 hearing requires the conclusion that the court did not find he had wilfully disobeyed the 1994 Order. Hence, no "good cause" was demonstrated at the 1996 hearing to justify the extension of the 1994 Order for an additional two years.

We hold that the testimony before the Territorial Court amply supports a finding of "good cause" to warrant extension of the 1994 Order. Lopez testified that during an argument Travieso "scared" her and also broke a window. (Appellant's Br. at C4.) Furthermore, she testified that Travieso was not attending counseling sessions at the Women's Resource Center. (*Id.* at C5.)

Travieso's behavior violated several provisions of the 1994 Order. Specifically, the 1994 Order "enjoined, restrained and prohibited [appellant] from harassing, . . . or intimidating" the appellee. (*Id.* at B1.) Engaging in an argument in which he broke a window and scared the appellee enough to fear for her life is sufficient for a finding that he intimidated Lopez in violation of the 1994 Order. Also, Travieso was in clear violation of the 1994 Order

---

ORDERED that a copy of this Order be served on the [appellee] and on the [appellant]; and a copy be directed to Ms. Michal Rhymer of the Women's Resource Center; the Chief of Police for the St. Thomas and St. John District; and the V.I. Department of Justice.
(Appellant's Br. at D1-D3.)

that directed him to "seek professional counseling immediately at the Women's Resource Center . . . and to provide the Court . . . with written documentation of attendance at the professional counseling." (*Id.* at B1.)

■ The court's decision not to hold Travieso in contempt does not preclude a finding of good cause to extend or modify the 1994 Order. The trial court may well have determined that extending the restraining order had more chance of defusing the ongoing disputes and volatile relationship which obviously still existed between the parties. The Territorial Court's extension of the 1994 restraining order for an additional twenty-four months shall be affirmed.

## B. Application of 18 U.S.C. § 922(g)

■ Section 922(g) of Title 18 of the United States Code states as follows:

(g) It shall be unlawful for any person—

. . . .

(8) who is subject to a court order that—
(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person . . ., or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner . . . ; and
(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner . . . ; *or*

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner . . . that would reasonably be expected to cause bodily injury; *or*

(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or **to**

194

**receive any firearm** or ammunition which has been shipped or transported in interstate or foreign commerce.

(Emphasis added.) Appellant contends that the court's orders of both 1994 and 1996 fail to include the findings necessary to support the application of 18 U.S.C. § 922(g). We disagree, and hold that section 922(g) requires only actual notice and opportunity to participate in a hearing which results in a restraining order against appellant which either finds him to be a credible threat **or** prohibits his use, attempt, or threat to use physical force likely to cause bodily harm to appellee. We further agree that these requirements were satisfied here.[4]

The appellant appeared at both hearings in 1994 and 1996, satisfying the notice and opportunity to participate requirements of 18 U.S.C. § 922(g)(8)(A). The 1994 Order also meets the demands of both the second and third prongs of section 922(g)(8)(B) and (C). The language of the 1994 Order that appellant is "enjoined, restrained and prohibited from harassing, molesting, verbally or physically abusing, assaulting, or intimidating [appellee] or subjecting her to any form of domestic violence, including but not limited to assault and battery," (Appellant's Br. at B1), falls squarely within the requirements of section 922(g)(8)(B) that the order restrain the person from "harassing, stalking or threatening an intimate partner." *See New Jersey v. S.A.*, 290 N.J. Super. 240, 675 A.2d 678, 683 (N.J. Super. Ct. App. Div. 1996) (requirements of § 922(g)(8)(B) satisfied where order prohibited defendant from making "harassing communications" to the plaintiff).[5] The portion of the 1994 Order prohibiting Travieso from physically abusing or assaulting Lopez also brings the order within the requirements of

---

[4] Since the trial judge may not be certain that the defendant possesses a firearm when a domestic violence restraining order is imposed, we recommend that the Territorial Court include the firearm prohibition and the provisions of section 922(g) in all restraining orders issued pursuant to the domestic violence chapter of the Virgin Islands Code. The inclusion of the firearm prohibition in a domestic violence restraining order, assuming the notice and hearing requirements are satisfied, would serve to further protect the plaintiff and also put defendant on notice that he or she will be in violation of federal law if the defendant possesses a firearm during the effective period of the restraining order.

[5] The Court has been unable to find any other decisions in this jurisdiction addressing the application of 18 U.S.C. § 922(g).

§ 922(g)(C)(ii) that requires the order to explicitly prohibit "the use, attempted use, or threatened use of physical force against such intimate partner."

■ Since the 1994 Order satisfies the provisions of 18 U.S.C. § 922(g), Travieso cannot possess a firearm while he is subject to this domestic violence restraining order, which has been validly extended until December 1, 1998.[6]

## V. CONCLUSION

The testimony presented to the Territorial Court at the November 1996 hearing established good cause to support an extension of the 1994 Order for an additional twenty-four months. Furthermore, appellant cannot lawfully possess a firearm for the duration of the 1996 Order. The order of the Territorial Court extending the 1994 Order and requiring Travieso to surrender his gun shall be affirmed. An appropriate order shall issue.

---

[6] The statute provides no discretion to allow the appellant to possess a firearm to "protect his business." The federal law mandates that the gun be surrendered once section 922(g) applies. The federal law does contain a public interest exception to the requirements of section 922(g). This exception, however, applies only to the "United States or any department or agency thereof, or any State or any department, agency, or political subdivision thereof." 18 U.S.C. § 925(a)(1). Private individuals such as appellant cannot claim relief from section 922(g) under this public interest exception.