**LEMUEL PHILLIPS, JR., Appellant, Cross-Appellee**
**v.**
**CORESTATES BANK, N.A., as successor**
**to FIRST PENN. BANK, N.A., Appellee, Cross-Appellant.**

Civ. No. 95-0153

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 14, 1999

WAYNE SPRAUVE, St. Thomas, U.S.V.I., *for Lemuel Phillips*

SAM HALL, St. Thomas, U.S.V.I., *for Corestates Bank.*

THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; RAYMOND L. FINCH, Judge of the District Court of the Virgin Islands; PATRICIA D. STEELE, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

### MEMORANDUM OPINION

## I. FACTS

In 1988, Lemuel Phillips, Jr. ["Phillips"] executed a promissory note in the sum of $16,756.09 in favor of the predecessor-in-interest of Corestates Bank, N.A. ["Corestates"]. Phillips signed above the name "Lemuel Phillips, Sr.," although he is Lemuel Phillips, Jr., and Senior, his father, was deceased. A security interest was

granted in two of Phillips' vehicles. Upon failure to make timely payments, Corestates brought an action against Lemuel Phillips, Sr., the name on the promissory note, and default judgment was ultimately entered. The bank seized the security. Phillips, in turn, filed suit for improper seizure, and the bank countersued for the same relief sought previously against Phillips, Sr. The prior suit naming Senior was dismissed *sua sponte* by the trial court in 1992.

On February 14, 1995, Presiding Judge Hodge held a hearing in Phillips' case, during which he became upset at what appeared to be Phillips' fraudulent conduct in the earlier suit. Corestates prior suit had been dismissed by the Presiding Judge apparently with the understanding that the defendant was an unwitting, third-party "Lemuel Phillips," rather than the "Lemuel Phillips" who had actually received the funds and signed the promissory note. During the hearing, plaintiff's then-counsel, Attorney Ron Belfon, requested a brief recess due to illness. Upon returning ten minutes later, Belfon announced that a settlement had been reached with Corestates. Although Phillips made a brief statement to the court, he did not contradict his counsel's representation that a settlement in the amount of $5,000 had been reached.[1]

Corestates upheld its agreement to settle the matter by submitting a $5,000 check payable to Phillips to Attorney Belfon, who accepted the check. Three days after this hearing, however, Phillips wrote a letter to the Presiding Judge seeking a new trial and time to find new counsel.[2] On February 22, 1995, Corestates moved to confirm the settlement. On April 12, 1995, Judge Hodge dismissed the case with prejudice ["the April 12 Order"], which Phillips appealed on May 12. On April 18, 1995, Judge Hodge granted the bank's motion to ratify the settlement ["the April 18 Order"], which Phillips appealed on May 18. Phillips' motion for relief from both orders in the Territorial Court under Federal Rule of Civil

---

[1] Statements of the Presiding Judge during the February 14, 1995, hearing indicate that Phillips was defended by another attorney in the earlier action brought by Corestaes.

[2] At the time the appeal was filed, Phillips was represented by A.J. Weiss & Co. Following a dispute, Phillips sought the representation of Wayne Sprauve, and A.J. Weiss ultimately withdrew. More recently, Attorney Sprauve has moved to withdraw since Phillips is seeking new counsel. Since this matter has been decided on the papers Attorney Sprauve has filed, his motion to withdraw need not be decided by this Court.

Procedure 60(b) ["60(b) Motion"] was docketed immediately after his appeal of the April 18 Order.[3]

Corestates did not reply to the 60(b) Motion, apparently believing that the Territorial Court lost jurisdiction once Phillips appealed, relying on Barclays Bank Int'l Ltd. v. Pleasant Haven, Inc., 17 V.I. 303 (Terr. Ct. 1981). On July 26, 1995, the Presiding Judge nevertheless entered two orders, the first granting the 60(b) Motion, vacating the April Orders, and assigning the case to Judge Brenda Hollar, the other referring the matter to mediation ["July 26 Orders"].

Judge Hodge's order states, in part,

> Upon reconsideration, however, it appears that the court was misled with regard to the allegations of misrepresentation by plaintiff. Indeed, the defendant bank acknowledges that it was responsible for the error in the transposition of the name from Lemuel Phillips, Jr. to Lemuel Phillips, Sr. Moreover, further review of the brief ending statement of the plaintiff shows a reference to the "typographical error of the bank."

> While it is the duty of the court to react decisively against allegations of fraud, it is no less the duty of the court to decisively correct its own misinterpretations. Since plaintiff's attorney may have mistakenly responded to the court's questions, and since that mistake, coupled with the attorney's illness, may have affected the settlement agreement to the detriment of plaintiff, the court is satisfied that the requirements of Rule 60(b) have been met, and that the plaintiff should be granted relief from both orders.

(July 26 Order at 2-3 (Supp. App. 53 at 54-55).)

On August 4, 1995, Corestates moved for reconsideration of the July 26 Order which granted the 60(b) motion, arguing that the Territorial Court lacked jurisdiction and further relying on the February 14th settlement. On August 15, 1995, Judge Hollar declined to rule on the pending motions in order to "give the

---

[3] FED. R. CIV. P. 60 applies to the Territorial Court pursuant to TERR. CT. R. 50 and TERR. CT. R. 7.

defendant [Corestates] adequate opportunity to file a timely appeal of this court's July 26, 1995 order," and "unless or until the Appellate Division of the District Court remands the matter back to the Territorial Court to make any further ruling." (August 15, 1995, Order.)

Corestates did appeal the July 26 Orders to the Appellate Division. Phillips in turn filed a Motion to Dismiss Corestate's appeal, arguing that the July 26 Orders were not final and appealable. Phillips also filed a motion for voluntary dismissal of his own appeals of the April 12 and 18 Orders, since he had received the relief he sought from the trial court. Pursuant to an Order of the Appellate Division, all appeals have been consolidated and Phillips' motion to withdraw his appeal has been stayed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has appellate jurisdiction to review judgments and orders of the Territorial Court in all civil cases. V.I. CODE ANN. tit. 4, § 33; Section 23A of the Revised Organic Act of 1954.[4] No material facts relating to jurisdiction are in dispute. The standard of review is plenary on issues of law. *Travieso v. Lopez*, 23 F. Supp. 2d 576, 576 (D.C.I. App. 1998).

### ANALYSIS

The central question posed to this panel is whether the Territorial Court has jurisdiction to grant Rule 60(b) post-judgment relief when the Rule 60(b) motion is filed after jurisdiction has been vested in the Appellate Division of the District Court by timely notice of appeal.

■ "Filing a notice of appeal automatically transfers jurisdiction from the district court to the appellate courts." *Main Line Fed. Savings & Loan Assoc. v. Tri-Kell*, 721 F.2d 904, 906 (3d Cir. 1983);

---

[4] The Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1998) (preceding V.I. CODE ANN. tit. 1) ["REV. ORG. ACT" or "Revised Organic Act"].

*accord Venen v. Sweet*, 758 F.2d 117, 119 (3d Cir. 1985) ("As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction in a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."). In the context of a Rule 60(b) motion, the procedure has traditionally been as follows:

> "When an appellant in a civil case wishes to make a [Rule 60(b)] motion . . . while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion . . . ."

*Id.* (quoting *Smith v. Pollin*, 90 U.S. App. D.C. 178, 194 F.2d 349, 350 (D.C. Cir. 1952); *accord Venen v. Sweet*, 758 F.2d at 122-23.[5] Indeed, this is the same procedure outlined by the Territorial Court in *Barclays Bank Int'l Ltd. v. Pleasant Haven, Inc.*, 17 V.I. 303. In *Pleasant Haven*, the Territorial Court was faced with a Rule 60(b) motion to vacate summary judgment following a notice of appeal.

> Rule 60(b) permits a court to grant relief from a final judgment or order . . . . Traditionally, however, once a notice of appeal has been filed, the trial court is deemed to have lost its power to consider any further motions —

---

[5] We note that rank obiter dicta in a recent Supreme Court opinion purports to address Rule 60(b). *Stone v. Immig. & Natur. Service*, 514 U.S. 386, 401-03, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995). The Court in Stone held that a motion for reconsideration of a Board of Immigration Appeals decision does not toll the period for review of final deportation orders. In reaching that conclusion, the majority analogized the immigration motion to a Rule 60(b) motion for purposes of comparing the tolling provisions of Fed. R. App. P. 4(a)(4)(F). Although this dicta, while scattered in its discussion of Rule 60(b), can be read to support a conclusion opposite to the one drawn in this memo, it can just as easily comport with the analysis presented here. For example, the Wright & Miller section quoted in *Barclays Bank Int'l Ltd. v. Pleasant Haven, Inc.*, 17 V.I. 303 (Terr. Ct. 1981) is also cited by the Court. Further, the Stone dicta itself is based on the earlier decision in *Standard Oil Co v. United States*, 429 U.S. 17, 50 L. Ed. 2d 21, 97 S. Ct. 31 (1976). *Standard Oil* found that appellate leave is not required to reopen cases which have been reviewed on appeal. The posture in *Standard Oil* is significantly different from that before us, however, in that the Supreme Court had already disposed of the matter on appeal and the Rule 60(b) motion was unrelated to the matters decided on that appeal.

including a 60(b) motion. WRIGHT AND A. MILLER, 11 PRACTICE AND PROCEDURE: CIVIL § 2873 (1973). Some courts, however, have developed a procedure whereby the trial court retains some jurisdiction over a case.

> During the pendency of an appeal the [trial] court may consider a Rule 60(b) motion. If it indicates that it is inclined to grant it, application can then be made to the appellate court for remand. The logical consequence is that the [trial] court may deny the motion, although it cannot, until there has been a remand, grant it . . . .

*Id.* at 265. Wright and Miller contend that this procedure is sound in theory and preferable in practice. *Id.* This court also is of the opinion that this is the better approach and that this court retains jurisdiction to consider defendant's motion to vacate summary judgment.

*Id.* at 306. The Territorial Court then considered the motion to vacate and denied it. *Id.* at 307.

The conclusion that the Territorial Court lacked jurisdiction is bolstered by the Federal Rules of Appellate Procedure.[6] Although Phillips' appeals were timely filed within the thirty-day deadline of FED. R. APP. P. 4(a), the motion for reconsideration was not filed within the ten-day limitation of FED. R. APP. P. (a)(4)(F).[7] The 1991 amendments to the Rules provided for a tolling of the time for appeal following the filing of a 60(b) motion, but only if the 60(b) motion was timely filed. Phillips' appeal was filed well outside of the ten days allowed.

■ Accordingly, without the Territorial Court advising that it wished to consider and grant Phillips' 60(b) motion and Phillips'

---

[6] At the time this appeal was filed, the Virgin Islands Rules of Appellate Procedure had not been promulgated.

[7] FED. R. APP. P. 4(a)(4) provides:

> If any party files a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
>
> . . .
>
> (F) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

request to this Court to remand his appeal for that purpose, the trial court had no jurisdiction to enter the July 26 Order vacating the settlement and referring the matter to mediation.[8] The July 26 Order must be vacated, thus eliminating Corestate's appeal of the July 26 Orders.

The parties concentrated their briefing efforts on the jurisdictional issue. The Court will therefore remand this matter to the Territorial Court to determine whether to enforce the settlement agreement.

## CONCLUSION

The Territorial Court lacked jurisdiction to grant the Rule 60(b) motion. The July 26 Order vacating the settlement will itself be vacated and Corestates' appeal will be dismissed as moot. The case will be remanded to the Territorial Court for further proceedings not inconsistent with this Memorandum.

**Entered this 14th day of January, 1999.**

### ORDER OF THE COURT

For the reasons stated in the foregoing Memorandum, it is hereby

**ORDERED AND ADJUDGED** that the July 26 Order vacating the settlement is **VACATED** for lack of jurisdiction and the case is **REMANDED** to the Territorial Court.

**ENTERED THIS 14th DAY OF January, 1999.**

---

[8] The internal operating procedures of the Territorial Court provide for the Presiding Judge to assign cases. Therefore, despite the lack of jurisdiction, it would appear that the reassignment of this matter to Judge Hollar would not be affected by the finding that the Territorial Court lacked jurisdiction.